## JACOB GROSCH
### v.
## CITY OF CENTRALIA.

DRAM-SHOPS—VIOLATION OF LAW.—The statute prohibiting the keeping of a dram-shop without a license, is intended to reach only such places as are designated in the act. Where it appears that the defendant kept a stock of dry goods and groceries, but did not keep any liquors for sale, and in his absence his clerk, without his knowledge and against his express directions, sold two drinks of liquor on one occasion, the case is not brought within the provisions of the dram-shop act, and the defendant cannot be made liable for such sale.

ERROR to the Circuit Court of Madison county; the Hon. AMOS WATTS, Judge, presiding. Opinion filed April 2, 1880.

Messrs. CASEY & DWIGHT, for plaintiff in error; that there was no liability under the dram-shop law for the act of his clerk, done without his knowledge, cited Mullinix v. The People, 76 Ill. 211; Albrecht v. The People, 78 Ill. 510; Humpeler v. The People, 1 Ill. Syn. Rep. 270; Weidman v. The People, 1 Ill. Syn. Rep. 274; City of Bloomington v. Strehle, 47 Ill. 72.

The statute is highly penal, and should be strictly construed: Freese v. Tripp, 70 Ill. 496; Meidel v. Anthis, 71 Ill. 241; Kellerman v. Arnold, 71 Ill. 632; Fentz v. Meadows, 72 Ill. 540.

Mr. S. A. FRAZIER, for defendant in error; that the dram-shop act, so far as it regulates pleadings and evidence applies to all prosecutions, and an ordinance making conflicting regulations in this respect would be void, cited Fitch v. Pinckard, 4 Scam. 69; Dillon on Mun. Cor. 345; Constitution Art. 4, § 22.

The exclusive power of cities over the sale of liquors is taken away by statute: Rev. Stat. 1874, Chap. 43, § 10; Spake v. The People, 1 Ill. Syn. Rep. 76.

Parties must not only refrain from selling, but they must control such goods so that they can only be sold according to

law: Mullinix v. The People, 76 Ill. 211; Albrecht v. The People, 78 Ill. 510; McCutchin v. the People, 69 Ill. 601.

CASEY, J. In this case appellant is charged with a violation of an ordinance of the city of Centralia, regulating dram-shops. The case was heard before a police magistrate of said city, was appealed to the circuit court, where a jury was waived, and the cause submitted to the judge. The judgment of the court was against appellant, and he was fined $40 and the costs. Appellant entered a motion for a new trial, which was refused; whereupon an appeal was prayed to this court, which was allowed. Proper exceptions were taken to the ruling of the circuit court.

The errors assigned are,

1st, The court found contrary to the evidence. 2nd, The court found contrary to the law. 3d, The court erred in rendering judgment for plaintiff and against defendant. 4th, The court erred in overruling defendant's motion for a new trial. The fourth assignment of error, brings the whole case before this court. The ordinance under which this prosecution is based, is as follows. " Whoever not having license to keep a dram-shop, shall by himself or another, either as principal, clerk or servant, directly or indirectly, sell any intoxicating liquor in less quantities than one gallon, or in any quantity to be drank upon the premises, or in or upon any adjacent room, building, yard, premises or place of public resort, shall be fined not less than twenty dollars, nor more than two hundred dollars. Provided, that druggists or persons whose chief business is to sell drugs and medicines, shall not be deemed to be within the provisions hereof in selling any of said liquors in quantities less than as aforesaid, for purposes purely medicinal, mechanical or sacramental."

This ordinance, with the exception of the proviso relating to druggists, and also excepting that part relating to the penalty, is an exact copy of section 2, chapter 42, page 527, Underwood's Statutes of 1878, relating to dram-shops. The construction given by the Supreme Court to this act will apply to prosecutions under the ordinance; and to a proper understanding of the case it will be necessary to recur briefly to the facts.

Grosch v. City of Centralia.

The leading facts are, that appellant was and had been for some years engaged in selling dry goods and groceries. That he did not keep intoxicating liquors for sale, and that he had expressly charged his clerks not to sell any intoxicating liquors. Joliff, a witness for the city, testified that he and one John Marshall in September, 1878, each got a drink of whiskey from one of appellant's clerks; that appellant was not present; that he, the witness, did not state to the said Marshall, after they had obtained the drinks, "that he must remember them, and that they had Grosch now, or any words to that effect;" that appellant has for several years kept and still keeps for sale dry goods and groceries. The witness Marshall states that he was present at the time referred to by Joliff; that appellant was not there; that at first the clerk refused to let them have the whiskey, saying that appellant did not keep whiskey for sale, and that he had instructed him not to sell or give any away; that Joliff insisted that they were cold, and the clerk finally sold each of them a drink of whiskey; that as they were leaving the store Joliff said to witness that he "must not forget the date," and witness said "why?" and Joliff replied, " you may have to swear about this in court, and you won't lose anything by it." And this was substantially all the evidence.

It has been frequently held that the statute of which this ordinance is a substantial copy, is highly penal and must be strictly construed. The statute was not intended to prohibit entirely the sale of intoxicating liquors, because it provides for a mode and manner of obtaining license. The statute prohibits the sale by other persons than those having a license to sell. In this case it is not pretended that appellant kept liquor for sale, or that he knew of any sale; and it does not clearly appear that he was the owner of any intoxicating liquor. He did not employ a clerk or agent for the sale of intoxicating liquor. He would be liable for the acts of his clerk only when he was acting in the general line or duty of his employment. Suppose appellant had been at the time of the sale living upon a farm, and engaged in agricultural pursuits; that as in this case he did not keep liquors for sale, and that during his absence one of his farm hands, employed to labor on the farm,

had been induced by the specious representation of a neighbor, contrary to the instructions of appellant, to sell him a drink of whiskey, could any one hold that appellant was liable to indictment—to be convicted and punished by fine or imprisonment in the county jail because of said sale? Certainly not. Why? The answer undoubtedly is, because he did not keep the liquors for sale, and because the farm hand was not acting in the line of business for which he was employed.

The case of Albrecht v. The People, 78 Ill. 510, is analogous to the one now under consideration. The prosecution was by indictment for a violation of the sixth section of the Dram-Shop Act, which prohibits the selling or giving of intoxicating liquors to a minor, to a person who is intoxicated, or who is in the habit of getting intoxicated.

The same rule of construction will apply in construing the ordinance based on section two as the Supreme Court applied to section six. The defendant was indicted for giving intoxicating liquors to a man who was at the time intoxicated. The testimony showed that the defendant did not keep a dram-shop, but he did own a brewery. In deciding the case the learned judge says: "The title to the act in the Revision of 1874 is 'Dram-Shop,' and every section is leveled against them with a view, not to their suppression, for they are licensed to sell intoxicating liquors, and pay large sums of money into the town or county treasury for the privilege. The provisions of the act are aimed at such.

"What then, under this view of the statute should be the construction to be placed on section six? Can it be other than this, that whoever keeping a Dram-shop?" etc. The idea carried out would be, that whoever keeping a dram-shop and not having license to sell, shall by himself or agent sell any intoxicating liquors, shall upon conviction be fined, etc. The defendant in this case did not keep a dram-shop; did not keep liquors for sale; did not know of the sale, and the clerk was not acting in the usual line of his duties. Therefore we are compelled to hold that the conviction cannot be sustained. The evidence tends very strongly to show that the witness Joliff was seeking to gratify some spite, malice or ill will he entertained against

appellant.   It is true he states on oath that he did not make the statement indicating that fact, but the witness Marshall as positively on oath states that he did make the statement. This court cannot say which has sworn truly or falsely, and neither is it necessary to do so.   For the reason first above specified, the judgment of the Circuit Court must be reversed and the cause remanded.

Reversed and remanded.