## The People of the State of Illinois, Defendant in Error, v. John Kryl, Plaintiff in Error.

## Gen. No. 5579.

1. INSTRUCTIONS—*predicated upon evidence.* An instruction not predicated upon any evidence in the cause and which was calculated to mislead is ground for reversal.

2. DRAM-SHOPS—*when defendant not liable, for sales made without his authority.* In a prosecution for the illegal sale of intoxicating liquor if the defendant kept a dram-shop it will be presumed that those attending to that business had authority to sell but if the defendant did not keep a dram-shop and members of his family, servants, or anyone else sold liquors there, contrary to the pro-

visions of the statute, he is not liable for such sales unless so made with his knowledge, consent or approval.

Error to the County Court of McHenry county; the Hon. D. T. SMILEY, Judge, presiding. Heard in this court at the October term, 1911. Reversed and remanded. Opinion filed March 13, 1912.

GEORGE H. MASON, for plaintiff in error; MULLEN & HOY and HENRY V. FREEMAN, of counsel.

DAVID R. JOSLYN, for defendant in error; E. H. WAITE and PAUL J. DONOVAN, of counsel.

MR. JUSTICE MORTON W. THOMPSON delivered the opinion of the court.

On September 30, 1910, the state's attorney of McHenry county filed in the County Court of said county his information, consisting of six counts, charging defendant with the offense of selling intoxicating liquors in less quantities than one gallon, not having a legal license to keep a dram-shop, contrary to the form of the Statute, etc. The case was tried by a jury, which found defendant guilty on five counts, and he was sentenced to pay a fine of $40 on each of said counts; and defendant appeals to this court, which by agreement of parties is to be considered as pending here on writ of error. Defendant assigns twenty errors, most of which he does not refer to in his argument. The evidence shows that defendant lives and is engaged in business in Chicago; that he also owns a forty acre tract of land on the Fox River in McHenry county, upon which were located three dwelling houses, a barn, ice house and other improvements, and where he with his family spent more or less time during the summer season; that frequently their friends visit them there, remaining from a few days to several weeks; that he keeps in the ice house, groceries, provisions, beer and wine; that he did not keep liquors for sale, but only for the use of his family and help, and for the entertainment of his guests; that he had no knowledge of

any liquors of any kind having been sold there by any one during the time he owned the place; that he had expressly declared that none be sold. The evidence of the prosecution shows that on several occasions witnesses had purchased beer there from persons on the premises; but the only one identified was the wife of defendant, who positively denied having sold to anyone.

Complaint is made of the statements made by the state's attorney in his examination of veniremen and in his opening statement to the jury. We think some of the statements made were improper, and when objected to should have been excluded by the court, and the jury instructed to disregard them.

Complaint is also made of several of the instructions given at the request of the prosecution. Instruction No. 7 reads:

"You are instructed, as a matter of law, that the giving away of intoxicating liquors or other shift or device to evade the provision of the dram-shop act is an unlawful selling."

There is no evidence on the part of the prosecution that any liquor was given away, and on the part of the defendant that it was given only to members of his family, the help, and to the guests when they wanted it. There is no pretense that this giving away was any shift or device to evade the provisions of the dram-shop act. It is a case where the giving of a correct legal proposition in the form of an instruction to the jury, without any qualification as to the facts in the case, tends to mislead or confuse them.

No. 8 reads:

"The court instructs the jury that if you believe from the evidence in this case, beyond a reasonable doubt, that the defendant or his bartender, or his servants or agents, or through the members of his family within eighteen months just prior to the filing of the information in this case, within the said county, sold intoxicating liquors in less quantities than one

gallon, not having any license to keep a dram-shop, then you should find the defendant guilty''.

This instruction should not have been given in this case.  There is no evidence here that defendant had a bartender, or that he kept the place for the sale of intoxicating liquors, and unless he did so, sales made by agents or servants or members of his family, without his knowledge, consent or approval, would not render him liable; and directing a verdict, it should have been accurate.

Nos. 9 and 10 are likewise objectionable.

No. 18 reads:

"You are instructed that it is not necessary for the state to prove any specific days when sales were made, —all that is necessary is to prove sales made within eighteen months prior to the filing of the information."

This is too general as applied to the facts of the case.

The evidence in this record fails to show that defendant was keeping a dram-shop at this place, and that the sales, if made as testified to by the witnesses for the prosecution, were made by him, or with his knowledge, consent or approval.  If the defendant kept a dram-shop there then it would be presumed that those attending to that business had authority to sell; but if he did not keep a dram-shop, and members of his family, servants or anyone else sold liquors there, contrary to the provisions of the Statute, he would not be liable for such sales, unless so made with his knowledge, consent or approval.  Grosch v. City of Centralia, 6 Ill. App. 107.

For the above errors and others which may not occur on another trial, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*